UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-81141-CV-MIDDLEBROOKS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

PREIPO CORP., JOHN A. MATTERA and
DAVID P. GRZAN,

    Defendants,

BOSS GLOBAL ADVISORY GROUP, INC.,

    Relief Defendant.
_____/

## AMENDED AFFIRMATIVE DEFENSES

Defendants, PREIPO CORP., JOHN A. MATTERA and DAVID P. GRZAN and Relief Defendant, BOSS GLOBAL ADVISORY GROUP, INC. (collectively referred to as "Defendants"), by and through undersigned counsel, file their Amended Affirmative Defenses to Plaintiff, SECURITIES AND EXCHANGE COMMISSION'S ("SEC") Amended Complaint [DE 19] and states:

## AMENDED AFFIRMATIVE DEFENSES

As and for their amended fifth affirmative defense, the Defendants acted at all relevant times in good faith, without the requisite intent, and without actual knowledge that any of the alleged statements or omissions were false or misleading. As a factual basis for this defense, Defendants would allege that:

- PREIPO CORP ("PreIPO") did not solicit members of the general public to raise capital for its Seed Round.

- PreIPO only accepted investors who self-attested as Accredited Investors into its Seed Round, of which there were 53 'family and friends' investors who collectively contributed approximately $4.7 million dollars.

- DAVID P. GRZAN ("Grzan") personally closed approximately 90% of the 53 Accredited Investors, in which each investor was determined to be Accredited according to the financial criteria defined by the SEC.

- Grzan subsequently took the added measure of personally interviewing at least 50 of the investors by phone to inquire as to whether or not each of those investors met the established guidelines of being an Accredited Investor, in front of at least one witness, while being video recorded.

- Grzan, as Chairman of the Board, terminated the employment of the then CEO, Shon Ranawat, for gearing up to establish a boiler room business model, which was diametric to PreIPO policy.

- PreIPO negotiated and executed an arms-length licensing agreement with the owner of the intellectual property ("IP"), to protect shareholders and shareholder value. In connection with the licensing agreement, PreIPO represented to its shareholders that their ownership percentage was based on a fully diluted basis—a best practice that PreIPO adopted and utilized.

- Grzan was nearly finished with personally disclosing JOHN A. MATTERA'S ("Mattera") background to nearly every shareholder before the SEC intervened. The disclosure was not required by law; however, Grzan thought it would be a best practice to implement anyway.

As and for their amended sixth affirmative defense, the Defendants relied upon the work, involvement, advice, judgment, and opinions of numerous professionals and subject-matter experts engaged by Defendants and Defendants acted reasonably, exercised due diligence and carried out their business in good faith. The employed professionals are as follows:

- Winston & Strawn LLP – Michael Wu, Partner;
- Nutter Law Group - Mark Leonardo, Partner and Deputy Chair of Nutter's IP Department;
- Nelsons - Gaela Fitzgibbons, Partner;
- Loeb Smith – Gary Smith, Partner;
- Carter – World's leading Capitalization Table Management Company;
- Jafton – World-class IT Development Company;

As and for their amended seventh affirmative defense, Defendants contend that any alleged conduct, actions, or omissions on the part of them at issue in this action, if any, are the result of innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendants and any company they operated through to avoid such conduct. Thus, Defendants at all times acted in a reasonable manner in connection with the transactions at issue in the Complaint. As a factual basis for this defense, Defendants would allege that:

- PreIPO actively communicated with its shareholders through emails, letters, marketing materials, business plans, press releases, phone calls, and in-person meetings.
- PreIPO practiced transparency and full disclosure with its shareholders.
- PreIPO also operated as a Center of Excellence with a mantra of constant improvement.

- PreIPO was highly enthusiastic when it came to being transparent with its shareholders, which may have produced one or two communications that could have been prepared better to avoid the potential for confusion.

- In one instance a certain slide deck, not on the company's website, was accessible on a private link that members of the public who had the link could access. Once this was discovered the link was disconnected and the information was recast and made for internal purposes only. The information never produced an inquiry by a member of the public and never culminated into an investment by any investor whatsoever, Accredited or otherwise.

As and for their eighth affirmative defense, Defendants would allege to the extent put at issue by the Commission, any alleged false or misleading statements referenced in the Complaint were based on information supplied by other sources, which information the Defendants believed to be true. Thus, Defendants lacked the necessary intent, including a lack of willfulness, fraud, malice, or reckless disregard.

As and for their amended ninth affirmative defense, Defendants would allege the imposition of a civil money penalty is not appropriate under the applicable standards, including a lack of scienter, that Defendants acted in good faith, and the fact that Defendants were not unjustly enriched. As a factual basis for this defense, Defendants would allege that:

- Mattera earned approximately $300,000 as a consultant who operated in two capacities over an 18-month period, which equals an annualized compensation of approximately $200,000 annually. Mattera operated in two full-time capacities: 1.) AI Fintech Consultant; and 2.) a senior business development consultant. The compensation paid to Mattera is consistent with the market.

- The SEC conflated the arms-length licensing fee that was paid to an entity that Mattera controlled as if it were part of his consulting income. The licensing fee was negotiated by the CFO

4

of PreIPO along with a board member of PreIPO, who is an intellectual property attorney, whereby certain key provisions and benchmarks in the licensing favor the shareholders over the licensor holder.

- Grzan earned approximately $285,000 as a consultant who operated as Executive Chairman and also a producing CEO over the subject 18-month period, which equals an annualized compensation of approximately $190,000 annually. Grzan's compensation was consistent with the duties associated with his responsibilities.

As and for their amended tenth affirmative defense, Defendants would allege that the securities in this case were offered to "accredited investors" within the meaning of Rule 501 of Regulation D promulgated under the Securities Act of 1933, as amended (the "1933 Act"). As a factual basis for this defense, Defendants would reallege the factual allegation of the fifth amended affirmative defense.

As and for their amended eleventh affirmative defense, Defendants would allege that there has been no "general solicitation" of the public (17 C.F.R. § 230.502(c)). As a factual basis for this defense, Defendants would reallege the factual allegation of the fifth amended affirmative defense.

**SHAHADY & WURTENBERGER, P.A.**

*/s/ Fred A. Schwartz*
Fred A. Schwartz, Esq.
fschwartz@swlawyers.law
Florida Bar No. 360538
200 East Palmetto Park Road
Suite 103
Boca Raton, FL 33432
Direct: (561) 910-3064

**SHAHADY & WURTENBERGER, P.A.**
7900 Peters Road, Suite B-200
Fort Lauderdale, FL 33324
(954) 376-5958 Telephone
(954) 206-0188 Facsimile

        *Attorneys for Defendants*

      By: */s/John J. Shahady*
         John J. Shahady, Esq.,
         Fla. Bar No. 998990
         JShahady@swlawyers.law
         dambra@swlawyers.law (legal assist.)

**CERTIFICATE OF SERVICE**

  I hereby certify that, on December 4, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

              By: */s/ Fred A. Schwartz*
                 Fred A. Schwartz